UNITED STATES BANKCRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____x

IN RE:

                                                     Case No.  1-12-48522-cec
                                                     Chapter 7

89 Ralph Avenue Realty Corp.

                         Debtor.

_____x

## ANSWER TO PETITION
## SUPPLEMENTAL SUMMONS TO DEBBTOR IN
## INVOLUNTARY CASE

TO: THE HONORABLE CARLA E. CRAIG
      UNITED STATES BANKRUPTCY JUDGE

### PARTIES AND JURISDICTION

### DEFECTIVE SERVICE

1.     The Docket Report, at Item Numbers 5 and 6, states that the Involuntary Petition (Chapter 7) was filed by the Debtor. The Docket Report entries filed by Petitioner are inaccurate and incorrect.

2.     The Debtor contends that the Court lacks jurisdiction exists in this Court for failure to serve the Debtor.

3.     The Petitioner admits that the Secretary of State did not serve the Debtor although it filed an Affidavit of Service averring such service.

1

4. The Petitioner's second Affidavit of Service contains language that fails to describe service, i.e., that the affiant prepared the documents "...to be delivered to an official depository..." This declaration is defective as the affiant does not assert that the documents were delivered in fact to the official depository.

5. Therefore, this Court lacks jurisdiction and the Debtor put in a limited appearance to challenge jurisdiction.

## BACKGROUND
### Status of New York Supreme Court Action
### 1st Bridge LLC v. 89 Ralph Avenue Realty Corp., Henrietta Miller et al., Kings County Index Number 28227/10

## STANDING TO COMMENCE ACTION
### 1st Bridge Lacked Authority to do Business in New York State

6. 89 Ralph Avenue Realty Corp., a domestic corporation authorized to do business in the State of New York and Henrietta Miller was the sole stockholder of 89 Ralph Avenue Realty Corp.

7. 1st Bridge LLC, a foreign corporation, alleged in the 2010 complaint that "upon information and belief" it was authorized to do business in New York State i.e., "That upon information and belief, the plaintiff!/obligee is a foreign limited liability company authorized to do business in the State of New York."

8. 1st Bridge LLC was not authorized to conduct business in New York State on January 15, 2008 when it allegedly funded the "bridge loan."

9.	1ˢᵗ Bridge LLC was not authorized to conduct business in the State New York when it commenced the Supreme Court action.

10.	1ˢᵗ Bridge LLC was not authorized to conduct business in the State of New York when it moved for Summary Judgment the first time or when it moved for Summary Judgment the second time.

11.	1ˢᵗ Bridge LLC was not authorized to conduct business in the State of New York when on September 15, 2011 it moved by Order to Show Cause for Emergency Relief alleging waste.

12.	1ˢᵗ Bridge LLC conceded that it was not authorized to conduct business in the State of New York and on September 23, 2011 filed for authority.

13.	Authority was not granted in the name of 1ˢᵗ Bridge LLC but in December 2011 authority was granted in the name of 1ˢᵗ Bridge Funding LLC.

14.	New York State Business Corporations Law §1312 states in pertinent part, "A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees and taxes imposed under the tax law or any related statute, as defined in section eighteen hundred of such law, as well as penalties and interest charges related thereto, accrued against the corporation. This prohibition shall apply to any successor in interest of such foreign corporation."

15.	The debtor challenged petitioner's authority to do business in the State of New York.

## MERITS OF THE PETITION

## 1ˢᵗ Bridge LLC Lack Licenses to Engage in Lending

16. 1ˢᵗ Bridge LLC alleges that it funded a "bridge loan" on January 15, 2008 in the amount of $675,000.

17. In 2008 1ˢᵗ Bridge LLC was not authorized to conduct business in New York State when it funded the mortgages or when it utilized the courts in the State of New York and Eastern District of the United States District Court to foreclose on the properties owned by the following New York State residents resulting in the foreclosure of their real property:

    a. *1ST BRIDGE LLC v. The William Lee Freeman Garden Apartments LLC, et al.*, (2010/03191), New York County;

    b. *1ST BRIDGE LLC v. 682 Jamaica Avenue, LLC, et al.* (**2008**/03401), Kings County;

    c. *1ST BRIDGE LLC v. William Boyd Printing* (**2008**/1920), Albany, New York;

    d. *1ST BRIDGE LLC v. William Boyd Printing* (**2008**/1930), Albany, New York;

    e. *1ST BRIDGE LLC v. DJ Magno Realty Corp.* (**2008**/305693), Bronx County;

    f.. *1ST BRIDGE LLC v. D & F Title of New York, Inc.* (**2008/6437**), Kings County;

    g. *1ST BRIDGE LLC v. 89 Ralph Avenue Realty Corp.* (2010/28227),

Kings County (the loan originated in **2008**); and

    h. *1ST BRIDGE LLC  v .M & M Developers, LLC, et al.*, (2009/26230), Queens County.

18.  1st Bridge held itself out as a mortgage broker posting on its website forty (40) New York City area buildings showing the amounts of mortgages funded by it at times when it was not authorized to do business in New York State.

19.  1st Bridge LLC s posted its funding of mortgages exceeding Fifteen Million Dollars.

20.  1st Bridge LLC conducted business as a "Lender" as defined by to New York State Banking Law §590 but was not licensed as a Lender.

21.  New York State Banking Law §590 defines "Lender" as a "mortgage banker" in paragraph (f) of subdivision one of section five hundred ninety or an exempt organization as defined in paragraph (e) of subdivision one of section five hundred ninety. Plaintiff is not exempt.

22.  New York State Banking Law §590(g) states, "Registrant or Mortgage Broker shall mean a person or entity registered pursuant to section five hundred ninety one of the chapter to engage in the business of soliciting, processing, placing or negotiating mortgage loans for others or offering to solicit process or place or solicit or negotiate mortgage loans for others."

23.  1st Bridge LLC was not and is not registered as a Mortgage Broker.  1st Bridge LLC acted as a "Mortgage Broker" in connection with the facts set forth in the

complaint it filed in the New York State Supreme, in the County of Kings and in connection with the Chapter 7 Involuntary Petition file in the Court herein.

24.     New York State Banking Law §590(d) defines soliciting and processing or negotiating as follows: "Soliciting, processing, placing or negotiating a mortgage loan" shall mean for compensation or gain, either directly or indirectly, accepting or offering to accept an application for a mortgage loan, assisting or offering to assist in the processing of an application for a mortgage loan, soliciting or offering to solicit a mortgage loan on behalf of a third party or negotiating or offering to negotiate the terms or conditions of a mortgage loan with a lender on behalf of a third party."

25.     1st Bridge LLC is in violation of the New York State Banking Laws and it is prohibited from using the Courts to collect the debt.

### 1st Bridge LLC Defrauded the Debtor

26.     On the date of Closing, January 15, 2008, DLJ Corp. was the recorded mortgagee and DLJ Corp. held a mortgage on the 449 Bainbridge Avenue, Brooklyn, New York.

27.     The Debtor has title to two properties, 89 Ralph Avenue and 449 Bainbridge Avenue, Brooklyn, New York.

28.     The mortgage encumbering 449 Bainbridge Avenue, Brooklyn, New York was to be paid-off at the closing from the funds acquired through petitioner's alleged funded of the disputed Mortgage.

29.     The Mortgage was not paid.

30.  As set forth in Affidavit of Henrietta Miller, the Mortgage was not satisfied or paid-off and no Satisfaction of Mortgage was recorded.

31.  The title company did not "pick-up" a pay-off check, a task customarily reserved to the title company as the title company had a duty to insure clear title. 1st Bridge LLC paid MAR Group LLC an entity unknown to debtor, a sum exceeding $500,000.

32.  The Debtor owed no debt to MAR Group LLC.

33.  Petitioner disputes the debtor's assertion. However, even if DLJ Corp. and MAR Group LLC were one and the same entity, the pay-off and Satisfaction of Mortgage show the tender of payment six months after the Closing at a time when petitioner was foreclosing its purported claim against the debtor and was in possession of funds it sought to collect from the debtor..

34.  The ACRIS documents show there was no pay-off of the Mortgage at or the near the date of the Closing, January 15, 2008.

35.  On July 21, 2008, sixth months after the Closing, petitioner recorded and filed a Satisfaction of Mortgage on debtor's property, 449 Bainbridge Avenue, Brooklyn, New York.

36.  The Satisfaction issued by "LGF Holdings, LLC," yet another entity unknown to the debtor, does not disclose the amount tendered, if any.

### DEFECTS IN THE COMMERCIAL PAPER

37.  Petitioner seeks the sum of $1,451,812.23 plus interest at the rate of 24%.

38. The Note fails to state a date on which payment should be tendered, the amount to be tendered, the place at which tender was to be delivered, the interest rate charged, the date of the installments or the amortization of the monthly installment payments.

39. The terms of payment are essential elements of a contract without which there can be no agreement.

40. Finally, the Supreme Court case was fully briefed and submitted and was scheduled for February 13, 2013.

41. Petitioner stayed its Supreme Court action by filing the Involuntary Petition ostensibly seeking to obtain the identical relief while circumventing a decision on an action litigated for more than two years.

42. WHEREFORE, the Debtor prays for the dismissal of this Involuntary Petition and such other and further relief as to this Court is just and proper.

Dated: Brooklyn, New York
March 27, 2013

Regina Felton, Esq.
Felton & Associates
1371 Fulton Street
Brooklyn, NY 11216
Tel.:(718) 622-1100