# WEISS & ZARETT, P.C.
### ATTORNEYS AT LAW
### 3333 NEW HYDE PARK ROAD
### SUITE 211
### NEW HYDE PARK, NEW YORK 11042

RICHARD J. WEISS
DAVID A. ZARETT
MICHAEL D. BROFMAN
ALAN H. SONNENKLAR
───────
CRAIG D. BLOOM
JOSHUA A. BOXER
RUSSELL I. SASS
───────
HARVEY Z. WERBLOWSKY
OF COUNSEL

TELEPHONE: (516) 627-7000
FAX: (516) 877-1172
www.weisszarett.com
───────
E-MAIL: MBROFMAN@WEISSZARETT.COM

April 12, 2013

**<u>Via Federal Express and Electronic Case Filing</u>**
Chief Judge Carla E. Craig
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271 Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

Re:  <u>In re: 89 Ralph Avenue Realty Corp., Chapter 7, Case No. 12-48522-cec</u>

Dear Judge Craig:

We are the attorneys for the petitioning creditor, 1st Bridge, LLC ("Petitioning Creditor"), in the above-referenced involuntary bankruptcy proceeding of 89 Ralph Avenue Realty Corp. (the "Debtor"). We write to respectfully request that Your Honor schedule an immediate in-person conference on this matter to address the following issues: (i) the Debtor's continued violations of the Orders of the Court; and (ii) the patently false affidavit of Donnie Martino submitted to the Court by the Debtor's counsel, Ms. Felton, which was the basis for the Court's decision to schedule an evidentiary hearing on the issue of service of the Summons.

As set forth below, the Petitioning Creditor is being severely prejudiced by the fact that cash generated by the properties, which are assets of the Debtor's estate, are being siphoned into an individual bank account now solely controlled by Craig Smith. Additionally, because Mr. Smith has repeatedly failed to appear at a Section 341 Meeting, as Ordered by the Court, or for his noticed deposition as the person designated to act for the Debtor in accordance with the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the Petitioning Creditor has been unable to adequately prepare for the evidentiary hearing which is presently scheduled for May 14, 2013.

As the Court may recall, Ms. Felton identified Mr. Smith as the person responsible for operating the properties owned by the Debtor (a fact confirmed by Donnie Martino during his recent deposition). For the reasons set forth below, we ask that the Court order that Ms. Felton and Mr. Smith both appear at the in-person Court conference, which we respectfully request the Court schedule as soon as practicable.

*The Motion to Strike*

The substantive and procedural background of this matter is set forth in the Motion to Strike Debtor's Motion and For Sanctions Against the Debtor and Debtor's Counsel, which was filed by the Petitioning Creditor on March 18, 2013 (the "Motion to Strike" Attachment A, without exhibits). The purpose of the Motion to Strike was to bring to the immediate attention of the Court, the Debtor's failure: (i) to comply with the Orders issued by the Court during the February 21, 2013 hearing; (ii) to comply with its discovery obligations under Part VII of the Bankruptcy Rules, which are applicable to contested matters, such as the Debtor's pending motion; (iii) to cooperate with the Trustee or to provide information relating to rents collected and tenants; (iv) to produce proof of property insurance or to pay for the insurance that the Trustee secured; and (v) to appear for the Section 341 Meeting of the Creditors.

*The Court's Orders*

As a result of the filing of the Motion to Strike and our request for an expedited hearing, the Court held a teleconference on March 20, 2013, and thereafter issued a Second Scheduling Order dated March 22, 2013 (Attachment B, hereto), which among other things: (i) Ordered that Craig Smith and Donnie Martino shall appear for a deposition on or before April 30, 2013; and (ii) Ordered that the failure to comply with any provision of the Order may result in the Court imposing sanctions.

Following the Court's issuance of the Second Scheduling Order, the Court issued another Order on March 29, 2013 2013 (Attachment C, hereto), ordering, among other things: (i) that the Debtor immediately turn over to the Trustee all rents, funds and property relating to the real properties owned by the Debtor's estate; and (ii) that the Debtor cooperate with and provide information and documents to the Trustee in connection with the administration of the Debtor's estate, including without limitation, appearing at the Section 341 creditors' meeting.

*The False Affidavit of Donnie Martino*

Donnie Martino appeared for his deposition on April 9, 2013 (see "Martino Transcript," annexed hereto as Attachment D), and gave shocking testimony regarding the truthfulness of his Affidavit dated February 4, 2013 (the "Affidavit," annexed hereto as Attachment E). The Affidavit was submitted by Ms. Felton to this Court in connection with the Debtor's motion, which the Court has deemed to be one to vacate the Order for Relief entered in this case (the "Debtor's Motion").

It was the Affidavit that the Court relied on when Your Honor directed that an evidentiary hearing was necessary to determine whether the Debtor was properly served with the Summons to Debtor in December 2012. As highlighted below, we believe that Mr. Martino's testimony indicates that Ms. Felton has intentionally submitted a false affidavit to the Court in support of the Debtor's Motion. Specifically:

WEISS & ZARETT, P.C.

- The Martino Affidavit states that Mr. Martino checks Ms. Miller's mail everyday at 89 Ralph Avenue. (Martino Affidavit, par. 10). Mr. Martino's deposition testimony was in direct contradiction to this statement. Mr. Martino testified that the affidavit "troubled" him, as he stated, "Because I don't pick up no mail everyday from 89 Ralph") (Tr. p. 44, l. 6-12). Rather, Mr. Martino testified that he goes to 89 Ralph Avenue: "About twice a week. Twice a week. Maybe three times a week. When the garbage time, time to take the garbage and stuff like that." (Tr. p. 46, l. 15-23).

- With respect to paragraph 5 of the Martino Affidavit, which states "I was present at the properties everyday throughout the Christmas and New Year holidays," Mr. Martino testified that such statement was not correct "Because [Mr. Martino] had no reason to go over there." ((Tr. p. 49, l. 7-15). Rather, he testified that he "[m]ight have been over there one day to check the garbage or something but other than that, that's it." (Tr. p. 49, l. 16-21).

- When asked specifically about paragraph 9 of the Affidavit, which states "[t]he above-described "Summons to Debtor in Involuntary Case" was not delivered to 1401 Dean Street, Brooklyn, New York, 11216," Mr. Martino testified that that he did not know that to be a truthful statement, and that he didn't know whether the summons was delivered. (Tr. p. 52, l. 11-21). Likewise, when asked about paragraph 11 of the Affidavit, which states "[t]he above-described "Summons to Debtor" was not delivered to 89 Ralph Avenue, Brooklyn, New York, 11221," Mr. Martino testified that he did not know that statement to be a fact either. (Tr. p. 53, l. 12-17).

- When asked whether paragraph 12 of the Affidavit, which states that Mr. Martino "talked to residents at both address at which service was alleged to ascertain if anyone saw any mail addressed to '89 Ralph Avenue Realty Corp., Att. Henrietta Miller,'" was truthful, Mr. Martino testified that such statement was not truthful because he did not have such conversations with the residents. (Tr. p. 53, l. 18 – p. 54, l. 19).

- Mr. Martino further testified that despite paragraph 6 of the Affidavit stating that there are multiple "mailboxes" at 89 Ralph Avenue, in fact, there is only one mailbox at 89 Ralph Avenue. (Tr. p. 48, l. 18- p. 49, l. 6). Similarly, despite the Affidavit states that Mr. Martino has "access to the mail boxes" at 1401 Dean Street (Aff. Par. 8), at his deposition he testified that 1401 Dean Street does not have multiple mailboxes, but rather has a single mailbox "slot" in the front door for the entire building. (Tr. p. 48, l. 6-17).

Tellingly, Mr. Martino also testified that Ms. Felton has been telling him that the "people" bringing this action to the courts are crooks that are trying to "steal Ms. Miller's properties." (Tr. p. 21, l. 13 – p. 22, l. 19). We respectfully submit that it appears that Ms. Felton has intentionally submitted a false affidavit to this Court in support of the Debtor's Motion, and should therefore be sanctioned.

WEISS & ZARETT, P.C.

Chief Judge Carla E. Craig
April 12, 2013
Page 4 of 4

### *The Debtor's Violation of the Court's Orders*

The Debtor has violated the Court's Order by failing, once again, to appear for the scheduled Section 341 creditors' meeting on April 2, 2013. Furthermore, despite Debtor's counsel being served with a Notice of Deposition for Craig Smith as the representative of the Debtor (*see* Notice of Deposition and Affidavit of Service annexed hereto as Attachment F), Craig Smith did not appear for his deposition on April 9, 2013. The refusal of Craig Smith to appear for a deposition violates the Order of this Court, and is a serious impediment to the ability of the Petitioning Creditor to conduct discovery in advance of the evidentiary hearing.

### *The Involvement of Craig Smith*

Craig Smith's failure to abide by the Court's orders and the Bankruptcy Rules, is particularly troubling because Mr. Martino testified that he and Mr. Smith are the only people involved in the "operations" of 89 Ralph Avenue and 449 Bainbridge Street. (Tr. p. 42, l. 25 – p. 43, l. 7). In addition, Mr. Martino revealed that for the past 3 years, Mr. Martino has been collecting cash from the people residing at 89 Ralph Avenue and 449 Bainbridge Street, and depositing those funds into an individual bank account in the name of Henrietta Miller and Craig Smith. (*see* Tr. p. 29, l. 25 – p. 31, l. 22; p. 32, l. 23 – p. 33, l. 6; p. 37, l. 16 – p. 40, l. 24). In fact, Mr. Martino testified that as recently as "over the past week or so" he has collected cash from people residing at 449 Bainbridge Street and deposited the funds into the Miller/Smith bank account. Mr. Martino further testified that if he ever did have occasion to pick up mail addressed to Ms. Miller, he would give that mail to Craig Smith, because "[g]oing on for about two and a half years," Ms. Miller "wasn't able to read nothing." (Tr. p. 47, l. 12-25). It is apparent that Craig Smith is the person controlling the property of the Debtor, failing to cooperate with the Trustee, and disobeying the orders of this Court.

### *Conclusion*

The Petitioning Creditor therefore respectfully requests that the Court schedule an immediate in person conference as soon as possible, and that Ms. Felton be ordered to appear with Craig Smith, so that these issues can be addressed by the Court and appropriate sanctions be issued.

Respectfully submitted,

*s/ Michael D. Brofman*

Michael D. Brofman

MDB:bt
Enclosures
cc:  Regina Felton, Esq. (*Via ECF and E-Mail*)
　　Gregory Messer, Esq. (*Via ECF and E-Mail*)
　　Gary Herbst, Esq. (*Via E-Mail*)
　　Adam Wofse, Esq. (*Via ECF and E-Mail*)
　　Izhar Groner (*Via E-Mail*)

G:\F\1st Bridge LLC\Ltrs.2013\Letter to Hon. Craig 4.12.13\Hon. Craig 04.12.13.doc

## WEISS & ZARETT, P.C.